FILED

2013 Aug-22  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **AMY ARMSTEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 3:12-CV-3699-CLS** |
| | ) | |
| **VOLUNTEERS OF AMERICA** | ) | |
| **SOUTHEAST, INC. and,** | ) | |
| **VOLUNTEERS OF AMERICA,** | ) | |
| **NORTH ALABAMA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **LATINA FUQUA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 3:12-CV-3700-CLS** |
| | ) | |
| **VOLUNTEERS OF AMERICA** | ) | |
| **SOUTHEAST, INC. and,** | ) | |
| **VOLUNTEERS OF AMERICA,** | ) | |
| **NORTH ALABAMA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **SHIRLEY HARDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 3:12-CV-3703-CLS** |
| | ) | |
| **VOLUNTEERS OF AMERICA** | ) | |
| **SOUTHEAST, INC. and,** | ) | |
| **VOLUNTEERS OF AMERICA,** | ) | |
| **NORTH ALABAMA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This omnibus opinion addresses similar motions filed in each of the three cases referenced in the captions above.  Each of the three plaintiffs (*i.e.*, Amy Armstead, LaTina Fuqua, and Shirley Harden) asserts claims against the same entities (*i.e.*, Volunteers of America, North Alabama, Inc., *and*, Volunteers of America Southeast, Inc.) for disparate treatment/racial discrimination, retaliation, and harassment/hostile work environment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1981a.[1]  The three cases currently are before the court on two related motions filed in each case: *i.e.*, defendants' motions to dismiss or, alternatively, to strike each plaintiff's Second Amended Complaint;[2] and defendants' motions to stay discovery pending a ruling on the motions to dismiss.[3]

---

[1] *See* doc. no. 26 (Second Amended Complaint) in *Armstead*; doc. no. 25 (Second Amended Complaint) in *Fuqua*; doc. no. 26 (Second Amended Complaint) in *Harden*.  Ms. Fuqua's counsel also represents the plaintiffs in four other employment-related actions against one or both of those entities:  *i.e.*, *Cassandra Renee Nichols v. Volunteers of America, North Alabama, Inc.* (Case No. 3:08-cv-501-CLS); *Sonja D. King v. Volunteers of America, North Alabama, Inc.* (Case No. 3:08-cv-856-CLS); *April D. Chandler v. Volunteers of America, North Alabama, Inc.* (Case No. 3:10-cv-2961-CLS) ("*Chandler I* "); and *April D. Chandler v. Volunteers of America, Southeast, Inc. and Volunteers of America, North Alabama, Inc.* (Case No. 3:12-cv-3701-CLS) ("*Chandler II* ").

[2] Doc. no. 27 (Motion to Dismiss Second Amended Complaint) in *Armstead*; doc. no. 26 (Motion to Dismiss Second Amended Complaint) in *Fuqua*; doc. no. 27 (Motion to Dismiss Second Amended Complaint) in *Harden*.

[3] Doc. no. 28 (Motion to Stay) in *Armstead*; doc. no. 27 (Motion to Stay) in *Fuqua*; doc. no. 28 (Motion to Stay) in *Harden*.

# DISCUSSION

Each of the three plaintiffs filed her respective, original complaint on the same date:  October 25, 2012.[4]  Defendants moved to dismiss each of the complaints, and based the motions upon Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6).[5]  In the alternative, defendants requested an order requiring each plaintiff to amend her respective complaint by providing a more definite statement of vague and ambiguous

---

[4] *See* doc. no. 1 (Complaint) in each of the above-styled cases.

[5] Doc. no. 5 (Motion to Dismiss) in *Armstead*; doc. no. 5 (Motion to Dismiss) in *Fuqua*; doc. no. 6 (Motion to Dismiss) in *Harden*.  Federal Rule of Civil Procedure 8(a) provides that:

> A pleading that states a claim for relief must contain:
>
> (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Federal Rule of Civil Procedure 10(b) provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence — and each defense other than a denial — must be stated in a separate count or defense.

Federal Rule of Civil Procedure 12(b)(6) recognizes the defense of a plaintiff's "failure to state a claim upon which relief can be granted."

claims, as required by Rule 12(e).[6]

After filing responses to the defendants' motions to dismiss,[7] each plaintiff filed a supplementary motion asking for, among other relief requested, leave to file an amended complaint that allegedly "more specifically stated her claims against the Defendants."[8]  This court, therefore, denied defendants' motions to dismiss each plaintiff's original complaint, and granted plaintiffs' motions for leave to file amended complaints.[9]

Plaintiffs filed amended complaints on March 8, 2013.[10]  Fourteen days later, defendants moved to dismiss the plaintiffs' amended complaints, and based the

---

[6] Doc. no. 5 (Motion to Dismiss) in *Armstead*, at 1 n.1; doc. no. 5 (Motion to Dismiss) in *Fuqua,* at 1 n.1; doc. no. 6 (Motion to Dismiss) in *Harden*, at 1 n.1.  Federal Rule of Civil Procedure 12(e) provides that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

[7] *See* doc. no. 9 (Response to Motion to Dismiss Complaint) in *Armstead*, *Fuqua*, and *Harden*.

[8] Doc. no. 14 (Motion for Leave to Supplement and for Leave to File First Amended Complaint) in *Armstead*, at 2; doc. no. 13 (Second Motion for Leave to File) in *Fuqua*, at 2; doc. no. 14 (Second Motion for Leave to File) in *Harden*, at 2.

[9] *See* doc. no. 17 in *Armstead*; doc. no. 16 in *Fuqua*; doc. no. 17 in *Harden*.

[10] Doc. no. 18 (Amended Complaint) in *Armstead*; doc. no. 17 (Amended Complaint) in *Fuqua*; doc. no. 18 (Amended Complaint) in *Harden*.

motions upon Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).[11]  This time, however, defendants did *not* request the alternative relief of an order requiring that plaintiffs amend their complaints under Rule 12(e).  Even so, this court implicitly chose to treat the motions to dismiss under Rules 8(a)(2) and 12(b)(6) as ones for a more definite statement under Rule 12(e).[12]  After hearing oral argument on all pending motions, this court denied defendants' motions to dismiss plaintiffs' amended complaints, and ordered plaintiffs to file second amended complaints.[13]  The orders entered by this court in each of the three cases stated that

> dismissal of plaintiff's Amended Complaint is not warranted, and defendants' motion to dismiss is DENIED.

> Even so, the court is persuaded by defendants' argument that, for

---

[11] Doc. no. 20 (Motion to Dismiss Amended Complaint) in *Armstead*; doc. no. 19 (Motion to Dismiss Amended Complaint) in *Fuqua*; doc. no. 20 (Motion to Dismiss Amended Complaint) in *Harden*.  The text of Rules 8(a)(2) and 12(b)(6) is recorded in note 5, *supra*.

[12] As discussed in greater detail below, the Eleventh Circuit has emphatically instructed that "if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, *must* intervene *sua sponte* and order a repleader."  *Byrne v. Nezhat*, 261 F.3d 1075, 1132-33 (11th Cir. 2001) (emphasis supplied).  Other courts within this Circuit have followed the practice of *sua sponte* treating motions to dismiss as motions for a more definite statement.  *See Hallock v. Moses*, 731 F.2d 754, 756 (11th Cir. 1984) ("The court treated appellees' Motion to Dismiss, with regard to Hallock's fifth amendment claim, as a Motion For a More Definite Statement and, as such, the motion was granted."); *Bishop v. Sklar*, No. CA75-H-618-S, 1977 U.S. Dist. LEXIS 14663, *2 (N.D. Ala. Aug. 2, 1977) ("On December 29, 1975, an order was entered dismissing all claims under the Securities Act of 1933 (15 U.S.C. § 77a *et seq.*) and, treating the numerous motions to dismiss as motions for more definite statement, directing that the plaintiff file a second amended complaint within 120 days.").

[13] *See* doc. no. 24 (Order to Replead) in *Armstead*; doc. no. 23 (Order to Replead) in *Fuqua*; doc. no. 24 (Order to Replead) in *Harden*.

the sake of clarity, plaintiff's factual allegations should be more closely tied to the legal claims they support.  Accordingly, it is ORDERED that plaintiff must file a Second Amended Complaint on or before May 7, 2013.  In the Second Amended Complaint, plaintiff should set forth *each* fact she contends supports *each* cause of action underneath the heading for that cause of action, even if doing so results in a lengthy pleading, or in repetition of facts that previously were stated in the fact section of the complaint.  For example, underneath the heading "Count I (Disparate Treatment/Racial Discrimination Claims)," plaintiff should state, or re-state, every fact she contends supports the disparate treatment claim.  Plaintiff should avoid use of the phrase "including but not limited to"; she should not incorporate by reference previous paragraphs of her complaint; and she should specify which claims are being asserted against which defendant.  Once plaintiff's claims are restated in that manner, defendants should no longer be "left to guess which actions plaintiff claims were discriminatory and retaliatory," and which actions were harassing.  If it still is not clear, after the Second Amended Complaint is filed, which facts support which claims, any discrepancies or uncertainties will be resolved in favor of defendants.[14]

Plaintiffs responded to the foregoing order by filing second amended complaints that used a variety of tactics to evade the purpose of more closely tying their "factual allegations . . . to the legal claims they support."  For example, instead of using the *phrase* "including but not limited to," plaintiffs use a *synonym* for those words by replacing them with the phrase "such as."[15]  Further, rather than using the

---

[14] Doc. no. 24 (Order to Replead) in *Armstead*, at 1-2 (emphasis in original) (footnote omitted); doc. no. 23 (Order to Replead) in *Fuqua*, at 1-2 (emphasis in original) (footnote omitted); doc. no. 24 (Order to Replead) in *Harden,* at 1-2 (emphasis in original) (footnote omitted).

[15] *See* doc. no. 26 (Second Amended Complaint) in *Armstead*, at ¶¶ 56, 59, 60, 115, 118, 119, 174, 177, 178, 233, 236, 237, 292, 295, 296, 352, 355, and 356; doc. no. 25 (Second Amended Complaint) in *Fuqua*, at ¶¶ 44, 89, 133, 178, 222, and 267; doc. no. 26 (Second Amended Complaint) in *Harden*, at ¶¶ 40, 83, 122, 165, 204, and 247.

*phrase* "incorporates by reference," plaintiffs use the *functional equivalent* of those words by copying and pasting a nearly identical set of facts under the headings for each of their claims.  That set of facts is essentially the same as the set of facts found in each plaintiff's first amended complaint.  Indeed, plaintiffs even copied and pasted their prayers for relief, jury trial demands, and counsel's signature block, causing that information to appear in six separate places in each second amended complaint.[16]

As a result, each count in each second amended complaint includes multiple factual allegations that do not apply to the legal claim asserted in that count.[17] Likewise, many counts brought against one defendant contain allegations of misconduct by the other defendant.[18]  Accordingly, and despite this court's specific instructions, plaintiffs still have not "set forth *each* fact [they] contend[] supports *each* cause of action underneath the heading for that cause of action," and they still

---

[16] *See* doc. no. 26 (Second Amended Complaint) in *Armstead*, at 21-23, 41-43, 61-63, 80-82, 100-02, 120-22; doc. no. 25 (Second Amended Complaint) in *Fuqua*, at 15-17, 28-30, 42-44, 55-57, 68-70, and 81-83; doc. no. 26 (Second Amended Complaint) in *Harden*, at 15-17, 29-31, 42-44, 55-57, 69-71, and 82-84.  The prayers for relief, jury trial demands, and counsel's signature blocks do not appear in sequentially numbered paragraphs.  Accordingly, this court cites to page numbers, as opposed to paragraph numbers.

[17] By way of example, Fuqua includes factual allegations of disparate treatment and retaliation within her count of "harassment/hostile work environment" against Volunteers Southeast. *See, e.g.*, doc. no. 25 (Second Amended Complaint) in *Fuqua*, at ¶ 221 (alleging that Fuqua "was qualified to do her job at [Volunteers North Alabama] and [Volunteers Southeast]") (alterations supplied); *id.* ¶ 224 (alleging that Fuqua "engaged in statutorily protected activity").

[18] Again, by way of example, Fuqua includes allegations of constructive termination by Volunteers Southeast within her count of "disparate treatment/racial discrimination" against Volunteers North Alabama.  *See, e.g., id.* ¶ 85.

have not "specif[ied] which claims are being asserted against which defendant."[19] Consequently, defendants continue to "be left to guess which actions plaintiff[s] claim[] were discriminatory and retaliatory, and which actions were harassing," as well as which allegations apply to which defendant.[20]  That guesswork is especially onerous in these cases, given that Armstead's second amended complaint is *122 pages* (and *364 paragraphs*) *long*, Fuqua's is *83 pages* (and *279 paragraphs*) *long*, and Harden's is *85 pages* (and *256 paragraphs*) *long!*  Those numbers are outrageous and patently ridiculous.  Plaintiff's counsel is figuratively thumbing his nose at this court, and the requirements of the Federal Rules of Civil Procedure.

Defendants have moved to dismiss each plaintiff's second amended complaint under Federal Rule of Civil Procedure 41(b) or, in the alternative, to strike the second amended complaints under Federal Rule of Civil Procedure 12(e).[21]  Rule 12(e) states, in pertinent part, that "the court may strike the pleading or issue any other appropriate order" in the event that a party fails to file a more definite statement of a vague or

---

[19] Doc. no. 24 (Order to Replead) in *Armstead*, at 2 (alterations supplied); doc. no. 23 (Order to Replead) in *Fuqua*, at 2 (alterations supplied); doc. no. 24 (Order to Replead) in *Harden*, at 2 (alterations supplied).

[20] Doc. no. 24 (Order to Replead) in *Armstead*, at 2 (internal quotations omitted, alterations supplied); doc. no. 23 (Order to Replead) in *Fuqua*, at 2 (internal quotations omitted, alterations supplied); doc. no. 24 (Order to Replead) in *Harden*, at 2 (internal quotations omitted, alterations supplied).

[21] Doc. no. 27 (Motion to Dismiss Second Amended Complaint) in *Armstead*; doc. no. 26 (Motion to Dismiss Second Amended Complaint) in *Fuqua*; doc. no. 27 (Motion to Dismiss Second Amended Complaint) in *Harden*.

ambiguous pleading.  Rule 41(b) reads as follows:

> If the plaintiff fails to prosecute or to comply *with these rules or a court order*, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis supplied).  A dismissal with prejudice under that rule is unquestionably a punitive sanction.  The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction.  There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate."  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Upon review, plaintiffs' second amended complaints do not comply with either Federal Rule of Civil Procedure 8(a)(2) — which requires that such pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" — or the orders entered on April 23, 2013, requiring plaintiffs to "set forth *each* fact [they] contend[] supports *each* cause of action underneath the heading for that cause of action," and describing in detail the means to do so.[22]

Plaintiffs' responses to defendants' motions to dismiss their second amended

---

[22] Doc. no. 24 (Order to Replead) in *Armstead*, at 1-2 (alterations supplied, emphasis in original); doc. no. 23 (Order to Replead) in *Fuqua*, at 1-2 (alterations supplied, emphasis in original); doc. no. 24 (Order to Replead) in *Harden*, at 1-2 (alterations supplied, emphasis in original).  *See* the text accompanying note 14, *supra*.

complaints repeatedly — and falsely — contend that "the Court acknowledged the sufficiency of [the] First Amended Complaint."[23]  It is telling that plaintiffs do not cite to the record to support that assertion.   This court never uttered those statements.[24]  Indeed, at oral argument on defendants' motions to dismiss the first amended complaints, this court expressly called the attention of plaintiffs' counsel to the deficiencies in plaintiffs' amended complaints.  This court stated that,

> in *Armstead* and *Fuqua*, the first 46 paragraphs of each amended complaint constitute factual allegations of the respective plaintiffs.  In *Harden*, it's paragraphs 1 through 41.
>
> The rub lies, it seems to me, in the fact that at the conclusion of the factual statements of each complaint [plaintiff's counsel] alleges on behalf of his clients three claims:  disparate treatment on the basis of the plaintiff's race, retaliation and racial harassment, or a racially hostile work environment claim — three claims, three counts.
>
> And it seems to me that the rub lies in the fact that he does not specify under each count the facts that [plaintiff's counsel] discusses in paragraphs 1 through 46, or 1 through 41 in *Harden*, that support each claim.

---

[23] For an example of this language, *see* doc. no. 29 (Response to Motion to Dismiss Second Amended Complaint) in *Fuqua*, at 2 (alteration supplied).  *See also id.* (alleging that the "Order recognized that Volunteers had 'fair notice of the basis for petitioner's claims'") (quoting *Swierkiewicz v. Sorema NA*, 534 U.S. 506, 514 (2002)); *id.* (alleging the court "[a]cknowledg[ed] that Fuqua's First Amended Complaint was legally sufficient") (alterations supplied); *id.* at 7 (alleging that "[t]he Court acknowledged that Fuqua's First Amended Complaint provided legally sufficient 'fair notice' to Volunteers") (alteration supplied).  Similar language can be found in doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Armstead*, at 2 & 7, and in doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Harden*, at 2 & 7.

[24] Transcript of Oral Argument at Motion Docket of Apr. 22, 2013, at 31-32 (on file in Judge Smith's Chambers).

Plaintiffs also excoriate the court's orders directing them to file second amended complaints as "without any legal foundation,"[25] "contradict[ing] established law,"[26] "superfluous, unnecessary, and contrary to law,"[27] "demonstrably unnecessary and unlawful,"[28] and containing "requirements [that] may have been arbitrary, vague, confusing, or unworkable."[29]   Plaintiffs have not identified the portions of those orders on which that invective is based.   They also have not filed motions for reconsideration or clarification of the orders.

Plaintiffs have a duty to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   After filing a total of three versions of

---

[25] Doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Armstead*, at 2; doc. no. 29 (Response to Motion to Dismiss Second Amended Complaint) in *Fuqua*, at 2; doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Harden*, at 2.

[26] Doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Armstead*, at 2 (alteration supplied); doc. no. 29 (Response to Motion to Dismiss Second Amended Complaint) in *Fuqua*, at 2 (alteration supplied); doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Harden*, at 2 (alteration supplied).

[27] Doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Armstead*, at 5; doc. no. 29 (Response to Motion to Dismiss Second Amended Complaint) in *Fuqua*, at 5; doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Harden*, at 5.

[28] Doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Armstead*, at 6; doc. no. 29 (Response to Motion to Dismiss Second Amended Complaint) in *Fuqua*, at 6; doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Harden*, at 6.

[29] Doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Armstead*, at 6 (alteration supplied); doc. no. 29 (Response to Motion to Dismiss Second Amended Complaint) in *Fuqua*, at 6 (alteration supplied); doc. no. 30 (Response to Motion to Dismiss Second Amended Complaint) in *Harden*, at 6 (alteration supplied).

each of their complaints, plaintiffs have not done so.  As a result of plaintiffs' willful act of copying and pasting nearly identical sets of facts under the headings for each of their claims, each count in each second amended complaint effectively "incorporates every antecedent allegation by reference." *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011)  The second amended complaints are, therefore, classic "shotgun" pleadings.[30]

"In addition to watering down the rights of the parties to have valid claims litigated efficiently — whether the plaintiff's or the defendant's — shotgun pleadings wreak havoc on the judicial system." *Id.* at 1131.

> Unless the court requires a repleader — under Rule 12(e) or on its own initiative — a shotgun complaint leads to a shotgun answer.  Where, as here, each count incorporates every antecedent allegation by reference, the defendant's affirmative defenses are not likely to respond to a particular cause of action but, instead, to the complaint as a whole.  Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery.  Hence, discovery disputes are inevitable. Resolving them can be time consuming.  If the court does not intervene and require the parties to narrow the issues, the discovery disputes continue unabated — until a motion for summary judgment or a pretrial

---

[30] The Eleventh Circuit has repeatedly expressed its dismay at "shotgun" pleadings in, *e.g.*, *Byrne*, 261 F.3d at 1129; *Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001); *Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 168 (11th Cir. 1997) (*per curiam*); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996); *Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir. 1991); and *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

conference brings them to a halt.  At that point, the court is confronted
with the time-consuming tasks it avoided earlier — rearranging the
pleadings and discerning whether the plaintiff has stated a claim, or
claims, for relief, and whether the defendant's affirmative defenses are
legally sufficient.  If the court performs these tasks, it will have to strike
all of the allegations of the complaint and answer that are insufficient,
immaterial, or impertinent — so that, when the tasks are finished, the
complaint consists of a "short and plain statement of the claim," or
claims, for relief, and the answer states "in short and plain terms the
[defendant]'s defenses to each claim asserted." Fed. R. Civ. P. 8(a) and
(b).

*Byrne,* 261 F.3d at 1129-30 (alteration in original, footnotes omitted); *see also*

*Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) ("When faced with a

complaint like the one here, in which the counts incorporate by reference all previous

allegations and counts, the district court must cull through the allegations, identify the

claims, and, as to each claim identified, select the allegations that appear to be

germane to the claim.").

In fact, shotgun complaints are such a serious problem that the Eleventh Circuit

has directed courts to deal with them strictly.

> The importance of using the [Federal] Rules [of Civil Procedure]
> to uncover bogus claims and defenses, thereby reducing the parties'
> dispute to its bare essentials, cannot be overemphasized.  As [the
> Eleventh Circuit has] stated on several occasions over the past twelve
> years, if, in the face of a shotgun complaint, the defendant does not
> move the district court to require a more definite statement, the court, in
> the exercise of its inherent power, must intervene *sua sponte* and order
> a repleader.  *Implicit in such instruction is the notion that if the plaintiff
> fails to comply with the court's order — by filing a repleader with the*

13

> *same deficiency — the court should strike his pleading or, depending on*
> *the circumstances, dismiss his case and consider the imposition of*
> *monetary sanctions.*

*Byrne,* 261 F.3d at 1132-33 (emphasis and alterations supplied).

Defendants' attorneys expressed concern during oral argument that confusion along the lines of that anticipated by the Eleventh Circuit in *Byrne* would result in these cases if plaintiffs were allowed to proceed on their current complaints. Those attorneys stated:

> I think we need the court's help. Because what's going to happen in these cases is the same thing that happened in the last cases. We are going to go through discovery, think we know what the claims are, and then, bam, in response to our motion for summary judgment, we are going to get a 60, 70-page affidavit with all sorts of new stuff that we didn't even know about.[31]

This court agreed, stating that it appeared to be "par for the course" for the attorney representing the plaintiffs in each of these three cases to "muddle through the pleading stage" and then, when a motion for summary judgment was filed, to respond with lenghty "affidavits and declarations that contain facts that have never been disclosed in response to interrogatories or in response to direct questions on

---

[31] Transcript of Oral Argument at Motion Docket of Apr. 22, 2013, at 42-43 (on file in Judge Smith's Chambers). The court presumes defense counsel's reference to "the last cases" is to *Nichols v. Volunteers of America, North Alabama, Inc.*, No. 3:08-cv-501-CLS, and *King v. Volunteers of America, North Alabama, Inc.*, No. 3:08-cv-856-CLS. The same attorneys who currently are representing both Volunteers Southeast and Volunteers North Alabama in the three above-styled cases also represent Volunteers of America, North Alabama, Inc., in *Nichols* and *King.*

depositions."[32]  Mr. Weathers claimed to understand the court's admonition, stating

that he would "try [his] best" to avoid similarly confusing pleadings and surprise

affidavits in the future.[33]

    The second amended complaints in these cases belie Mr. Weathers' claim.  In

the face of the orders directing plaintiffs to "set forth *each* fact [they] contend[]

supports *each* cause of action underneath the heading for that cause of action," and

describing the means to do so,[34] each plaintiff filed yet another pleading in which the

factual allegations are not "closely tied to the legal claims they support."[35]

## CONCLUSION

    Defendants cannot be forced to defend these cases without knowing the scope

of plaintiffs' allegations, and the court cannot be expected to undertake the task of

narrowing plaintiffs' allegations if plaintiffs' attorney is unable, or unwilling, to do

so.  In that regard, plaintiffs' attorney was clearly instructed on this date, during oral

argument on motions filed in another case in which that attorney appears as counsel

---

[32] Transcript of Oral Argument at Motion Docket of Apr. 22, 2013, at 43 (on file in Judge Smith's Chambers) (alterations supplied).

[33] *Id.*

[34] Doc. no. 24 (Order to Replead) in *Armstead*, at 1-2 (alterations supplied, emphasis in original); doc. no. 23 (Order to Replead) in *Fuqua*, at 1-2 (alterations supplied, emphasis in original); doc. no. 24 (Order to Replead) in *Harden*, at 1-2 (alterations supplied, emphasis in original).

[35] Doc. no. 24 (Order to Replead) in *Armstead*, at 1; doc. no. 23 (Order to Replead) in *Fuqua*, at 1; doc. no. 24 (Order to Replead) in *Harden*, at 1.

for a plaintiff — *i.e.*, *Chandler v. Volunteers of America, North Alabama, Inc.,* Civil Action No. CV-10-S-2961-NW ("*Chandler I* ") — that, if he persists in filing amended complaints that are remotely similar to the patently ridiculous and ludicrous "second amended complaints" discussed above, these cases *will be* dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b).   Accordingly, the attorney for plaintiffs will be allowed *one last opportunity*, *and one only*, to file, on or before Friday, August 30, 2013, amended complaints in each of the cases referenced above that comply with Rules 8(a) and 10(b).   No complaint may exceed twenty-five (25) pages of double-spaced text, composed of 14-point (or larger) typeface.   Each complaint must organize the respective plaintiff's claims into separate counts.   Each count must state the facts that allegedly support it.   Each count must also specifically identify the defendant against which the claim is asserted:  *that is*, plaintiff's counsel should distinguish actions taken by Volunteers of America, North Alabama, Inc., from actions taken by Volunteers of America, Southeast, Inc., *and indicate* when each defendant's  respective  actions  were  taken,  *and by*  which  employee(s)  of  that defendant the actions were taken.

     **DONE** and **ORDERED** this 22nd day of August, 2013.

United States District Judge